E-FILED
Tuesday, 05 May, 2026  08:30:04 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| STEVEN D. LISLE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:25-cv-01338-MMM |
| | ) | |
| LATOYA HUGHES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff, proceeding pro se under 42 U.S.C. § 1983, presently in prison at Pontiac

Correctional Center, asserts allegations regarding violations of Plaintiff's constitutional

rights.

## I.    MERIT REVIEW

The Court must "screen" Plaintiff's complaint, and through such process identify

and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. §

1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a

claim upon which relief may be granted; or (2) seeks monetary relief from a defendant

who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the

plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory

statements and labels are insufficient—the facts alleged must "state a claim for relief

that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)

(citation omitted).

Plaintiff names as Defendants Dr. Paul, Dr. Rodney Alford, IDOC Director Latoya Hughes, IDOC Chief of Mental Health Melvin Hinton, Nikki Rambo healthcare worker, Dr. Zariff, mental health worker Hamilton, IDOC chief of psychiatry Dr. William Puga, John and Jane Doe Transgender Committee members, Lieutenant J. Dalton, John and Jane Doe mental health and correctional employees and correctional officers, medical personnel Ginger Davis, and Warden Mindi Nurse.

Plaintiff has been diagnosed with gender dysphoria, and is a transgendered person born as a male and identifying as a female. Plaintiff was previously in custody at Dixon Correctional Center and Joliet Treatment Center. Plaintiff at some point received hormone therapy through IDOC's transgender care programs, as well as therapy groups, in addition to additional treatment for Plaintiff's serious mental illness. Plaintiff alleges that gender affirming therapy and treatment were ceased upon transfer to Pontiac Correctional Center in mid-February 2024. Plaintiff alleges a complete absence of treatment for Plaintiff's gender dysphoria diagnosis since transferring to Pontiac.

Plaintiff adequately alleges that Dr. Paul, Dr. Alford, Melvin Hinton, Dr. Puga, Doe Transgender Committee Members, Nikki Rambo, Dr. Zariff, Hamilton, and Ginger Davis denied Plaintiff necessary medical care for the gender dysphoria diagnosis. *Mitchell v. Kallas*, 895 F.3d 492, 498–99 (7th Cir. 2018).

As to Warden Mindi Nurse, Plaintiff alleges she knew of Plaintiff's improper treatment yet turned a blind eye to Plaintiff's requests. As to Director Hughes, Plaintiff alleges that complaints, letters, and grievances put Hughes on notice that Plaintiff was receiving improper treatment. Plaintiff has not sufficiently alleged these high level

administrators failed to properly address Plaintiff's medical needs. Plaintiff attaches a letter to Plaintiff from Warden Nurse acknowledging Plaintiff's complaints and identifying the actions that were taken, or the reasons that she understood that certain actions were not taken. As the Warden in charge of the administration of the entire prison she was not required to address Plaintiff's complaints more granularly, or to undertake the work of others who were specifically tasked with addressing Plaintiff's needs. Plaintiff's claims against Hughes and Nurse are dismissed. *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009); *Bostic v. Murray*, ---F.4th---No. 23-1665, 2025 WL 3248684, at *6 (7th Cir. Nov. 21, 2025).

As to J. Dalton, Plaintiff alleges Dalton and Does prevented Plaintiff from attending a medical writ related to care for Plaintiff's left arm because Plaintiff demanded to be strip searched by a female officer. Plaintiff also raises allegations regarding destruction and reissuance of a prison ID card. These allegations are not logically connected to Plaintiff's gender affirming care – the focus of this lawsuit. Plaintiff has been allowed to proceed against Dalton in 25-cv-1090 regarding preventing Plaintiff from going on a medical writ for arm care. But Plaintiff's other allegations against Dalton and related allegations against Does do not fit in that lawsuit, and do not fit in this one either. In an exercise of its discretion to direct the litigation before it, Plaintiff's other claims against Dalton must be pursued in a separate lawsuit. The Court makes no decision at this time whether such claims would have merit.

## II.    MOTION FOR PRELIMINARY INJUNCTION

Related to Plaintiff's allegations in this lawsuit, Plaintiff seeks a preliminary injunction requiring Defendants to provide Plaintiff with "transgender treatment," update Plaintiff's ID card to indicate "transgender Female" and "female strip search only," handle use of restraints on Plaintiff differently, house Plaintiff in the health care unit or a female gender only housing unit, and allow only female employees to observe Plaintiff.

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997); *accord Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 24 (2008) ("A preliminary injunction is an extraordinary remedy never awarded as of right"). To prevail, "the moving party must demonstrate: (1) a likelihood of success on the merits; (2) a lack of an adequate remedy at law; and (3) an irreparable harm will result if the injunction is not granted." *Foodcomm Int'l v Barry*, 328 F.3d 300, 303 (7th Cir. 2003) (citations omitted). If the moving party meets the first three requirements, then the district court balances the relative harms that could be caused to either party. *Incredible Tech., Inc. v. Virtual Tech., Inc.*, 400 F.3d 1007, 1011 (7th Cir. 2005).

The Prison Litigation Reform Act (PLRA) further limits the scope of the Court's authority to enter an injunction in the corrections context. *Westefer v. Neal,* 682 F.3d 679, 683 (7th Cir. 2012). Under the PLRA, preliminary injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18

U.S.C. § 3626(a)(2); *see also Westefer,* 682 F.3d at 683 (the PLRA "enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: prison officials have broad administrative and discretionary authority over the institutions they manage." (quotation marks and citation omitted).

Plaintiff's allegations of insufficient transgender care have some possibility of success on the merits. But IDOC officials are clearly working to address Plaintiff's mental health needs in a way that aligns with the penological requirements of facility security. This is undoubtedly particularly difficult with respect to Plaintiff's requests regarding specific housing assignments, and that only female staff observe or search Plaintiff. Notably, there is no constitutional violation by cross-gender observation or visual searches, as such a rule would be inconsistent with the practical realities of operating a prison. *Johnson v. Phelan*, 69 F.3d 144, 146–47, 151 (7th Cir. 1995).

The Court finds that under the balance of the harms to each party, and given the limitations of the Prison Litigation Reform Act on the appropriateness of injunctive relief, based on the evidence Plaintiff presents, entry of an injunction is inappropriate.

IT IS THEREFORE ORDERED:

1. **Motion for Extension of Time [4] is GRANTED. Motion for Leave to Amend [5] is GRANTED, clerk to docket amended complaint. Motion for Preliminary Injunction [8] is DENIED. Motion for Entry of Confidentiality Order [12] is MOOT. Motion for Clerk to Correct Filing Fees [13] is MOOT. Finance Department has recently provided Plaintiff a letter including payment history as to cases in this District. Motion for Court to Send Pontiac Correctional Center Receipt of Filing Fees [14] is DENIED. Motion for Status [15] is DENIED.**

2. **Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that the plaintiff states an Eighth Amendment claim against**

Defendants Dr. Paul, Dr. Alford, Melvin Hinton, Dr. Puga, Doe Defendants, Nikki Rambo, Dr. Zariff, Hamilton, and Ginger Davis. Any additional claims and parties shall not be included in the case. Clerk to terminate all other parties.

3. This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give notice to the defendants and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.

4. The court will attempt service on the defendants by mailing each defendant a waiver of service. If a defendant fails to sign and return a waiver of service to the clerk within thirty days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

5. With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.

6. The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the defendants' positions. The court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered. After the defendants have been served and have answered, the court will enter an order setting discovery and dispositive motion deadlines.

7. This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, this does not apply to discovery requests and responses.

**Discovery requests and responses are NOT filed with the clerk. The plaintiff must mail discovery requests and responses directly to counsel for the appropriate defendant. Discovery requests or responses sent to the clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until the court has entered a scheduling order, which will explain the discovery process in more detail.**

8. **Counsel for the defendants is hereby granted leave to depose the plaintiff. Counsel for the defendants shall arrange the time for the deposition.**

9. **The plaintiff shall immediately notify the court, in writing, of any change in mailing address and telephone number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit.**

10. **The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

Entered this 5th day of May, 2026.

*s/Michael M. Mihm*
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE